Steven R. Manchester (State Bar No. 45589)
MANCHESTER, WILLIAMS & SEIBERT
125 S. Market St., Suite 1100
San Jose, CA 95113-1808
408.287.6193 – Telephone
408.287.1554 - Facsimile

Attorney for Defendant, Trieu Lam

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRIEU LAM,<br><br>    Defendant. | No. CR-04-20198 JF<br><br>STIPULATION AND [PROPOSED] ORDER FOR REDUCTION OF BAIL AND THAT THE CLERK OF THE COURT EXECUTE A SUBORDINATION AGREEMENT |

Counsel for the United States, and for the defendant, stipulate as follows:

1. Defendant Trieu Lam (Lam) was indicted on trade secret violations and is awaiting trial in this Court. One of the conditions of Lam's release was that he post a $200,000 property bond. That bond was posted by Mike Semsak (Semsak) and secured by the Semsak family residence (the property) located at 4760 Lyric Lane, San Jose, CA. The bond was supported by appraisals, title insurance, and was approved in form and substance by the United States Attorneys Office, and the Court. The property was encumbered by a first deed of trust in the sum of $306,000 [currently $319,063.53 held by Citimortgage] at the time of the posting of Lam's bond. Thus, the Government was in second position to Citimortgage.

2. Lam has made all required court appearances throughout the pendency of these proceedings, and has been permitted to travel abroad without incident. The parties agree that it is

Stipulation and Order re: Reduction of Bail and Subordination of Property Bond    1

1 | now appropriate to reduce the amount of the property bond required as a condition of Lam's
2 | release from $200,000 to $50,000.

3. Semsak now desires to refinance the property to take advantage of more favorable interest rates. To accomplish that end, Semsak has arranged new financing through Quicken Loans Inc. (Quicken). Quicken has agreed to loan Semsak the sum of $408,000 in return for Semsak exercising a promissory note and deed of trust securing the indebtedness by the property. The terms of Semsak's agreement with Quicken require the escrow company, TSI Escrow Inc. (TSI), to pay off the principle and interest currently owing to Citimortgage. A further requirement of the loan agreement is that Quicken stand in the same position as Citimortgage, i.e. ahead of all other encumberences on the property including that of the Government. This requires that the Government subordinate its lien to that of Quicken. The title company has provided a proposed subordination agreement for the signature of the Clerk of the Court. A copy is attached as exhibit A.

4. Counsel for Lam, Steven R. Manchester, has provided Assistant United States Attorney Hanley Chew with an appraisal and draft settlement statement prepared by the title company that support the following: (1) that the Semsak property has a fair market value of $510,000; (2) that the new loan will pay off and extinguish the lien previously held by Citimortgage; (3) that the subordination agreement, if executed by the Clerk of the Court, will leave the Government's lien in the same position as it was before the refinancing of the property; and (4) that there is adequate security to protect the government's position.

5. The parties ask the Court to order the Clerk of the Court to execute a subordination agreement that is in form and substance identical to that attached as exhibit A to enable the re-financing of the property as described above.

Dated: 2/5/09

AUSA Hanley Chew

Dated: 2/5/09

Steven R. Manchester

ORDER

The parties having stipulated thereto, and good cause appearing therefore, IT IS HEREBY ORDERED that:

(1) The amount of the property bond required as a condition of the defendant's release is hereby reduced from $200,000 to $50,000; and

(2) the Clerk of the Court, Richard W. Wieking, shall execute a subordination agreement that is in form and substance identical to Exhibit A when requested by the title company to do so.

Dated: 2/12/09

Patricia V. Trumbull
United States Magistrate Judge

**EXHIBIT A**

## SUBORDINATION AGREEMENT

Loan No: 3218326261

This Agreement is made this _____, 2009 by and between **Quicken Loans Inc.,** whose address is 20555 Victor Parkway, Livonia, Michigan 48152, **Mortgage Electronic Registration Systems, Inc., ("MERS") as nominee for Quicken Loans Inc.,** whose address is P.O. Box 2026, Flint, **Michigan 48501,** (collectively referred to as "Quicken Loans") and **Richard W. Wieking, Clerk of the Court, U. S. District Attorney,** whose address is _____ (the "Lienholder").

**WHEREAS** the Lienholder is the holder of a mortgage/deed of trust/lien in the principal amount of $200,000.00, executed by **Michael J. Semsak and Marian E. Semsak,** (the "Borrowers"), to **Stewart Title Company, Inc., a California Corporation,** Trustee for the benefit of **Richard W. Wieking, Clerk of the Court, U.S. District Attorney,** dated November 4, 2004 and recorded on November 24, 2004 as Instrument Number 18114512, which was subsequently lowered to $50,000.00 in the records of Santa Clara County ("Lienholder's Lien"), covering the property commonly known as 4760 Lyric Lane (the "Property") and legally described as:

Situated in the County of Santa Clara, State of CA:

Lot 281, Tract No. 4684 Monterey Highlands Unit No. 4, filed February 17, 1972 in book 296 of Maps, at page(s) 46 and 47 of Maps, Santa Clara County records.

Tax ID No.: 684-14-044

**WHEREAS,** Quicken Loans intends to make a loan to the Borrower in a principal amount not to exceed $408,000.00 and dated on or about _____, 2009 to be secured by a mortgage/deed of trust granted to MERS as nominee for Quicken Loans covering the Property ("Quicken Loans' Lien"), and

**WHEREAS** Quicken Loans will only make the loan to the Borrower provided that Lienholder's Lien is subordinate to Quicken Loans' Lien, and

**WHEREAS** Lienholder intends that Quicken Loans' Lien be prior and superior to Lienholder's Lien.

**NOW, THEREFORE,** it is agreed that in consideration of one dollar and other good and valuable consideration, the adequacy and receipt of which is hereby acknowledged, Lienholder agrees to subordinate and make Lienholder's Lien subordinate and junior in all respects to Quicken Loans' Lien.

Page 1 of 2

**Witnesses:**

_____

Printed Name _____

_____

Printed Name _____

_____
Lienholder: Richard W. Wieking, Clerk of the Court, U.S. District Attorney

By: _____

Its: _____

STATE OF _____ )
                                  ss
COUNTY OF _____ )

On _____, 2009 before me, _____, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_____
Notary Public, County of _____, Acting in _____ County.
State of _____
My commission expires _____.

**Witnesses:**

_____

Printed Name _____

_____

Printed Name _____

_____
Quicken Loans Inc. and Mortgage Electronic Registration Systems, Inc., as nominee for Quicken Loans Inc.
By: _____
Quicken Loans, MERS Assistant Secretary

STATE OF MICHIGAN )
                   ss
COUNTY OF WAYNE   )

On _____, 2009 before me, _____, personally appeared_____, **Quicken Loans, MERS Assistant Secretary**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_____
Notary Public, County of _____, Acting in _____ County.
State of _____
My commission expires _____.

This instrument drafted by and after recording return to: Operations Dept., Quicken Loans Inc., 20555 Victor Parkway, Livonia, Michigan 48152